UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

JANE DOE, ET AL.,

        Plaintiffs,

 v.

ANDREW WHELAN, ET AL.,

        Defendants.

3:08-cv-846 (CSH)

## RULING ON MOTION TO AMEND COMPLAINT
## AND TO ADD PARTY DEFENDANT

Plaintiff Jane Doe ("Plaintiff") and her three minor children ("the Doe children") (collectively, "Plaintiffs") bring this action pursuant to 42 U.S.C. § 1983 against Defendants Andrew Whelan and David Williams, a Social Work Supervisor and a Program Supervisor, respectively, for the State of Connecticut's Department of Children and Families ("DCF"). Plaintiffs allege that Defendants deprived Plaintiffs of their rights to due process and to be free from unreasonable seizures under the Fourth, Fifth and Fourteenth Amendments to the United States Constitution. Specifically, Plaintiffs contend that their rights were violated when the Doe children were removed from Jane Doe's "care and custody on an emergency basis as the result of her being a victim of domestic violence and without any basis for finding that her children were immediately threatened with harm." (Compl. ¶ 1.) The children were removed from the home on June 4, 2005 on a 96 hour emergency hold when the father was discovered in the home in violation of a Protective Order. A more detailed summary of the allegations can be found in this Court's prior ruling on Defendants' Motion to Dismiss, familiarity with which is assumed. 2010

WL 1279069 (D. Conn. Mar. 29, 2010).

Plaintiffs now move pursuant to Federal Rules of Civil Procedure 15 and 21 to amend the complaint and to add a party defendant. For the reasons stated herein, Plaintiffs' Motion to Amend Complaint and to Add Party Defendant [Doc. 57] is GRANTED.

Plaintiffs seek to amend the complaint to add as a party defendant Kenneth Mysogland, the Stamford-area Program Director for DCF. The current defendants are Andrew Whelan, who was present when the children were removed, and David Williams, Whelan's direct supervisor, who is identified in the attendant paperwork as having authorized the removal. Mysogland is Williams' supervisor. During discovery, Plaintiffs learned that Whelan, Williams and Mysogland had discussed on the day before the removal how the situation should be handled if the father were found at the home in violation of the Protective Order. Plaintiffs also learned in discovery that when Whelan was unable to reach Williams on the evening of the removal, he called Williams' supervisor, Mysogland, who gave verbal approval for the removal, notwithstanding that Williams' name appeared on the removal documents.

Plaintiffs wish to add Mysogland as a party defendant. Defendants concede the propriety of Mysogland's being a Defendant in this case in light of his role in making the decision to remove the children [Doc. 59 at 1], and therefore it is so ordered. The only issue in contention is whether Mysogland may be *added* as a third defendant, as Plaintiffs wish, or whether, as Defendants argue, Mysogland must be *substituted* for an existing defendant, namely David Williams, who must in turn be dismissed. Plaintiffs seek the amendment pursuant to Rule 15(a)(2), which provides that "The court should freely give leave [to amend] when justice so requires." Defendants respond that Rule 15(c)(1)(C) operates to bar the amendment. Rule

15(c)(1)(C) provides:

> An amendment to a pleading relates back to the date of the original pleading when . . . (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied[1] and if, within the period provided by Rule 4(m)[2] for serving the summons and complaint, the party to be brought in by amendment: (i) received such notice of the action that it will not be prejudiced in defending on the merits; and (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P. 15(c)(1)(C). While arguing convincingly that Rule 15(c)(1)(C) governs this proposed amendment,[3] Defendants fail to offer any argument as to why the requirements of the Rule are not satisfied in this instance, or how the Rule requires that Defendant Williams be dismissed as a consequence of Defendant Mysogland's being added.

The Court surmises that Defendants may intend to rely on the word "changes" in Rule 15(c)(1)(C) to argue that, after the statute of limitations has run, as is the case here, an amendment relates back to the date of the original complaint only when a new defendant is substituted -- that is, exchanged -- for a former defendant, who is in turn dismissed. Defendants

---

[1] Rule 15(c)(1)(B) requires that "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading." That requirement has been met here.

[2] The Rule 4(m) period is 120 days.

[3] Defendants state that "The Second Circuit has consistently held that Rule 15(c) applies to amendments seeking to add parties after the statute of limitations has expired." [Doc. 59 at 8, citing *Soto v. Brooklyn Correctional Facility*, 80 F.3d 34, 35 (2d Cir. 1996); *Krupski v. Costa Cruciere S.P.A.*, 130 S. Ct. 2485 (2010).] That is true as far as it goes, but it is worth noting that in both the cases cited by Defendants in support of this statement, the court applied Rule 15(c) to *permit* relation back after the limitations period had run. Regardless of whether those cases involved the addition or substitution of defendants, the rationale expressed therein for permitting the relation back, namely the preference for enabling decisions on the merits by permitting the correction of errors, supports a finding that it is appropriate here as well.

maintain that simply adding an additional Defendant is not a permissible change for purposes of establishing relation back under Rule 15(c)(1)(C). However, Defendants cite no law in support of this restrictive reading of Rule 15(c)(1)(C), and the law of this Circuit is to the contrary. "If a complaint is amended to include an additional defendant after the statute of limitations has run, the amended complaint is not time barred if it 'relates back' to a timely filed complaint." *VKK Corp. v. NFL*, 244 F.3d 114, 128 (2d Cir. 2001) (holding that district court abused its discretion by not permitting amendment to add TJI as a defendant.) In *VKK Corp.*, the Second Circuit clearly contemplated that the case would proceed on remand against both TJI and TJL, *Id*. at 131-32, and it imposed no requirement that TJL or any other existing defendant be dismissed in order that TJI could be added. See also *Goodman v. PraxAir, Inc.*, 494 F.3d 458, 469 (4th Cir. 2007) ("[W]e can discern no policy that would be served by the Praxair defendants' restrictive reading of 'changes,' which would force the amending party to drop a defendant for each defendant he adds. Praxair, Inc. was placed on notice within the limitations period of the claims relating to the transactions alleged in the original complaint, and no unfairness to it resulted from leaving it in as a defendant in the amended complaint. Any unfairness caused by the amendment could only be claimed by Praxair Services, Inc., the new party.").

Here, it is uncontested that the new party, Mysogland, is appropriately made a Defendant because he had a role in making the removal decision that is being challenged in this case. However, so too did Williams, as indicated by allegations that his name appears on documents which list him as having authorized the removal, that he was aware that he was so named, and that he participated in the planning discussion the day before the removal. Therefore, the case

shall proceed against Mysogland, Williams, and Whelan.[4]

In addition to seeking to add Mysogland as a party defendant, Plaintiffs have also moved to amend the complaint to conform the allegations therein to the evidence as it has emerged in discovery. Defendants state that they "do not object to amendment of the complaint as indicated in the Proposed Amended Complaint to conform to the evidence," [Doc. 59 at 6] including adding allegations with respect to actions by Mysogland, but they do object to any amended allegations about Defendant Williams [Doc. 59 at 1], who they maintain should be dismissed as a consequence of Mysogland's being added. Having rejected that argument, however, the Court will allow the Amended Complaint as proposed, including the amended allegations against Williams.

Having permitted the amendment under Rule 15, the court does not reach the issue of whether it would be appropriate under Rule 21.

CONCLUSION

For the reasons stated herein, Plaintiffs' Motion to Amend Complaint and to Add Party Defendant [Doc. 57] is GRANTED. Plaintiffs shall file the Amended Complaint, which was attached to the Motion to Amend, as a separate docket entry on or before December 15, 2010.

---

[4] Defendants also suggest that Williams should be dismissed as a consequence of the amendment because his superior, Mysogland, authorized the decision to remove the children. If that is so, it is unclear why Defendants have not also moved that Whelan be dismissed, as he was junior to both men and Mysogland, not Whelan, authorized the removal. Whether that constitutes a defense to liability for Williams and Whelan is a merits question, not one appropriately decided upon a motion to amend, so long as the proposed amendment clears the relatively low bar set by *Foman v. Davis*, 371 U.S. 178, 182 (1962), which this does. The amended allegations against existing defendant Williams modify the factual contentions but not the legal claims against him; they are made early enough not to prejudice Defendants; and, without expressing any opinion on their ultimate likelihood of success, the allegations are not so patently futile that the amendment should be denied on that basis.

Plaintiffs are directed to serve the Amended Complaint upon Defendant Mysogland, and Mysogland is directed to respond to it in the manner set forth in the Federal Rules of Civil Procedure.

It is SO ORDERED.

Dated: New Haven, Connecticut

December 8, 2010

                                            /s/ *Charles S. Haight, Jr.*
                                            Charles S. Haight, Jr.
                                            Senior United States District Judge